# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

STANLEY BRENT CANARY                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 4:18-CV-P154-JHM

ART MAGLINGER                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Stanley Brent Canary leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss certain claims but allow Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He brings this action against DCDC Jailer Art Maglinger. Plaintiff does not specify in what capacity he sues Defendant Maglinger.

In the complaint, Plaintiff writes as follows:

> On the date of 8-23-18 I was escorted to Owensboro Mercy Health System by Deputy Robby Burns and Trainee Deputy Brooks. On the Day of 8-26-18 at approximately 11:30 am I arrived at OMHS and was seen by orthopedic surgeon Dr. McBride. On this visit Deputy Burns and Brooks was both present as Dr gave me respected orders for rehabilitation to my right shoulder for an injury that I received while working as a trustee on July 23. . . . The doctor respectively stated for me Stanley Brent Canary to attend rehabilitation from the date of 8-[illegible]-18 until October 4, 2018 for a minimum of twice a week. [Defendant] Maglinger has failed to provide me . . . with the proper transportation to rehabilitation practices at [OMHS] as directed to do by orthopedic surgeon Dr. McBride. Failing to provide me . . . the proper transportation as directed by Dr. McBride is denying me the medical attention that was given by Dr. McBride.

As relief, Plaintiff seeks compensatory damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Court construes Plaintiff's complaint as attempting to state an Eighth Amendment claim against Defendant Maglinger for deliberate indifference to a serious medical need.

As stated above, Plaintiff does not indicate in what capacity he sues Defendant Maglinger. However, to the extent that Plaintiff sues Defendant Maglinger in his official-capacity, his claim must be dismissed. "[O]fficial-capacity suits. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, any official-capacity claim against Defendant Maglinger is actually against his employer, which is Daviess County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Defendant Maglinger has failed and continues to fail to provide him transportation to physical therapy treatments prescribed by an orthopedic surgeon. However, Plaintiff does not allege that Defendant Maglinger's actions are the result of a policy or custom implemented or endorsed by Daviess County. Accordingly, the Court will dismiss any official-capacity claim against Defendant Maglinger for failure to state a claim upon which relief may be granted.

However, upon review of Plaintiff's allegations, the Court finds that Plaintiff may state a claim against Defendant Maglinger in his individual capacity for deliberate indifference to a serious medical need. *See, e.g.*, *Rodgriguez v. Mount Vernon Hosp.*, No. 09 Civ. 5691 (GBD) (JLC), 2010 U.S. Dist. LEXIS 103494 (S.D.N.Y. Sept. 3, 2010) (recognizing that prison officials' denial of prescribed physical therapy may be sufficient to establish an Eighth

Amendment claim). Therefore, the Court will give Plaintiff an opportunity to file an amended complaint against Defendant Maglinger in his individual-capacity. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Maglinger is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he indicates that he is suing Defendant Maglinger in his individual capacity.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, **Plaintiff is <u>WARNED</u> that this action will be dismissed for failure to state a claim upon which relief may be granted**.

**The Clerk of Court is DIRECTED** to send Plaintiff a copy of the second page of his § 1983 complaint form with this case number and the word "Amended" written in the caption so that Plaintiff can indicate that he intends to sue Defendant Maglinger in his individual capacity.

Date: September 25, 2018

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendant Maglinger
　　Daviess County Attorney
4414.011

5